PABLO A. CASTELLANOS
JUDITH T. CASTELLANOS
16809 S. 44TH STREET
PHOENIX, AZ 85048
480-205-4035
Judy.Castellanos@hotmail.com

✓ FILED  ___ LODGED
✓ RECEIVED ___ COPY
OCT 30 2017
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PABLO A. CASTELLANOS AND JUDITH T. CASTELLANOS, Husband and Wife,<br><br>Plaintiff,<br><br>v.<br><br>US Bank, NA, Successor Trustee to LaSalle Bank National Association, on behalf of the Holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificate Series 2007-HE3; and Encore Credit Corp.,<br><br>Defendant. | CASE No: CV-17-00437-PHX-DJH<br><br>RESPONSE TO ORDER |

## I. INTRODUCTION

Plaintiffs Pablo A. Castellanos and Judith T. Castellanos ("Plaintiff"), hereby file their response to the Court Order (Document 18). The Courts have long held that Pro Se pleading are to be read liberally and if there is relief available that they have failed to request, the Courts should be lenient and the Pro Se litigant should be afforded that available relief. Moore v Florida, 703 F.2d 516 (11th Cir. 19863) Reversed and Remanded which held:

"[26] " a court should be particular careful to ensure proper notice to pro se litigant." Herron v Beck, 693, 693 F.2d at 127. See also Barker v Norman, 651

1

F.2d 1107, 1129 (5th Cir. 1981) (holding district court abused its discretion…failing to afford a pro se civil right litigants…"

[37] The pleadings of pro se litigants…subject to less stringent rules…"..,however inartfully drafted, must be held to less rigorous standards than… by lawyers.' Woodall v Foti, 651 F.2d 268, 271 (5th Cir. 1981); see Richardson v Fleming, 651 F. 2d 366, 368 (5th Cir. 1981)."

## II.   FACTUAL BACKGROUND

In Chrism v National Heritage Life Insurance Co., 637 F.2d 1328, 1331 (9th Cir. 1981). A district court must weight five factors in determining whether to dismiss a case for failure to comply with a court order. In determining whether to dismiss a case for failure to comply with court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson, 782 F.2d at 831. It is not necessary for district court to make explicit findings to show that it has considered these factors.

## III.   STATEMENT OF FACTS

1. On December 30, 2016, Plaintiff's then attorney, Clint S. Dunaway filed an "Emergency Motion To Stay Writ of Restitution." After house had been sold.

2. On January 9, 2017, then attorney had a telephonic hearing to discuss "Emergency Motion To Stay Writ of Restitution. In the telephonic hearing, the then attorney was informed that "a judgment has already been signed". However, the commissioner did not make an immediate ruling and took the matter of "under advisement".

2

3. On January 11, 2017, then attorney notified the Castellanos via email stating "the commissioners notice denying our request to stay the writ of restitution. Both the order denying our stay and the order issuing the writ were signed this morning. It's impossible to know how soon the Sheriff will actually be at the property to execute the writ though it usually happens within 48 hours."

4. On January 12, 2017, Plaintiffs inquire with then attorney about the quiet title. The then attorney did not respond.

5. On January 31, 2017, the Castellanos' again inquired via email to their then attorney about the status of the quiet title. No response was provided.

6. On February 1, 2017, the Castellanos called the Superior Court of the State of Arizona to inquire about the status of the quiet title. Plaintiffs were informed that no action would be taken. The Castellanos further asked what that meant, and were informed again, no action would be taken as a legal decision has been rendered. In Grayden v Rhodes, 345 F.3d 1225 (11th Cir. 0917/2003) the Court held: "The law does not entertain the legal fiction that every individual has achieved a state of legal omniscience;… there is no presumption that all of the citizens actually know all the law of the time. Practically speaking, citizens must educate themselves about the law' See West Covina, 525 U.S. at 214, 119 S. Ct at 682 (noting that an individual "can turn to these public sources to learn about the remedial procedures available to him"); id. At 242, 119 S. Ct. at 682 (nothing that citizen 'could not reasonable be expected to educated himself about the procedures available to protest his interest."); United States v Lock, 471 U.S. 84, 108, 105 S. Ct. 1785, 1799-1800 (1985)" "Pro se pleading are to be considered without regard to technicality; pro se litigants' pleading are not to be held to the same high standard of

3

perfection as lawyers." Jenkins v McKeithen, 395 U.S. 411, 421 (1959); Picking v Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v Cox, 456 2nd 233

7. On February 24, 2017, the Castellanos went to the Superior Court to confirm if what they had understood on February 1, 2017 was correct. The Plaintiffs were again informed that no action would be taken as a legal decision has been rendered already.

8. The Superior Court provided the Plaintiffs with a certified copy of the "Emergency Motion to Stay Writ of Restitution." In that document, on page 2 was the "Legal Analysis" where the wrongful foreclosure and quite title were mentioned. This is all in one document. See Exhibit 1

9. Plaintiffs were unaware the "no action would be taken as a legal decision has been rendered" complaint had been moved to the Federal Courts. Until, Defendants, US Bank NA, et al., requested an Order from the Court (document 12). Document 12 was sent to the Castellanos previous address 16405 S. 43rd Place, Phoenix, AZ 85048. Later was forwarded to new address of 16809 S. 44th Street, Phoenix, AZ 85048 Aguayo v U.S. Bank, 653 F .3d912, 917 (9th Cir 2011). In doing so, we take all factual allegations in the complaint as true and construe them in light most favorable to the Cu

10. On October 19-20, 2017, the Castellanos began to download all pertain information regarding the case CV-17-00437-PHX-DJH as they had not received any of the information. It was then, the Plaintiffs became aware of several documents.

   a. The Document (1) transferring the "no action would be taken as a legal decision has been taken" complaint to Federal Court. Plaintiffs were unaware of this. The faire notice requirement naturally follows from our policy of liberal construction in favor of pro se litigants, Rand v. Rowland 154F.3d 952 (9th Cir. 1998).

4

      Litigants have a statutory right to self-representation in civil matters. 28 U.S. §1654 (1982) They must be ensured meaning access to the courts. See Bounds v Smith, 430 U.S. 817, 823 (1977); Wolff v McDonnell, 418 U.S. 539, 579 (194); Johnson v Avery, 393 U.S. 483, 485 (1969); Hatfield v Bailleaux, 290 F.2d 632, 637 (9th Cir. 1961). The concern for meaningful access for pro se litigants provides a basis for the fair notice rule but is not sufficient in itself to justify its application. See Jacobsen, 790 F.2d at 1364-67.

  b. Document (8) their then attorney Clint Dunaway withdrawing from the case. In that document, then attorney states it mailed it to last known address: 16405 S. 43rd Place, Phoenix, AZ 85048; unfortunately, mailed was not forwarded to Plaintiffs new address of 16809 S. 44th Street, Phoenix AZ 85048. "But when notice is a person's due, process which a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absence might reasonable adopt to accomplish it. The reasonableness and hence the constitutional validity of any chose method may be defended on the ground that it is in itself reasonably certain to inform those affected, compare, Hess v Pawloski, 274 U.S. 352, with Wuchter V Pizzutti, 276 U.S. 13, or, where conditions do not reasonable permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.

11. Thus, the Castellanos never stipulated to dismissal and never gave then attorney Clint Dunaway consent to act on their behalf after January 31, 2017.

  a. Document (10) the Motion to Dismiss; which Plaintiffs did not receive. This Motion to Dismiss went to Plaintiffs previous address: 16405 S. 43rd Place,

      Phoenix, AZ85048. Unfortunately this was not forwarded to Plaintiffs new address of 16809 S. 44th Street, Phoenix, AZ 85048.

    b. Document (9) Court Order; which Plaintiffs did not receive.

12. Since Plaintiffs are Pro Se; and needed time to finishing downloading, reviewing and studying to be able to respond to Court Order. Plaintiffs requested an extension to be able to respond to dismissal as this is what they understood the Court Order was asking. "Pr se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not be held to the same high standards of perfection as lawyers." Jenkins v. McKeithen,395 U.S. 411, 421 (1959); Picking v Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v Cox, 456 2nd 233. "[T]he 'rule favoring liberality in amends to pleadings is particular important for the pro se litigants. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleadings than the person who benefits from the representation of counsel.'" Id at 1131 (quoting Noll v Carlson, 809 F. 2d 1446, 1448(9th Cir. 1987)).

13. On October 12, 2017, Plaintiffs submitted an extension to the Court.

14. On October 23, 2017; the Court email Document 16; a returned to sender "Vacant Unable to Forward." Due Process entitles a party to notice and an opportunity to be heard at a meaningful manner. Comeau v Ariz Bd of Dental Exam'rs, 196 Ariz. 102, 106-07, q20, 993, P.2P1066, 1070-71 (App. 1999) Due process also entitles a party to offer evidence and confront adverse witnesses. Application of Levine, 97 Ariz. 88, 91-92, 397 P.2d205, 207 (1964) See Exhibit 2

15. On October 24, 2017, Plaintiffs received response from Defendants, US Bank, NA stating "at no point has U.S. Bank stipulated to allow Plaintiffs any extension of time respond."

16. On October 25, 2017, Plaintiffs submitted a response to Court Order 12; responding to dismissal document 10 as this is what they understood they needed to do.

17. On Friday, October 27, 2017; Plaintiffs received another Court Order (18); which required them to respond by Monday, October 30, 2017.

18. Upon receipt of the Court Order, Plaintiffs have responded in a timely manner.

19. The Court Order (Document 18) does not warn the Plaintiffs. "Findings abuse of discretion where the only evidence of dilatoriness was attorney's failure was to attend a pretrial conference, the court had not warned that nonappearance would result in a dismissal, and the case was still "young" "GARDNER v U.S, 211 F.3d 1305 (D.C. Cir. 2000) Other courts of appeals have held that such an absence, alone, does not justify the drastic sanction of dismissal. Moreno v Cullins 362 F. 2d 176 (7th Cr. 1966) (counsel missed status call three months after complaint filed); Meeker v Rizley, 324 F.2D 269 (10 Cir. 1963) (out of state pro se, missed pretrial conference three months after complaint filed); accord, Flaska v Little River Marina Construction Co., 389 F.2d 885 (5th Cir)

20. Because dismissal is so harsh a penalty, it should be imposed only in extreme circumstances. *Industrial Bldg. Materials, Inc. v. Interchemical Corp.,* 437 F.2d 1336 (9th Cir. 197. Especially when a case is still young, "a district court must consider . . . less drastic alternative sanctions" before dismissing. *Tolbert* at 587.

Plaintiffs respectfully request that the Court take notice of the well pleased allegations of the pro se Plaintiffs response to Court Order (18), which this Court must accept as true juncture of the proceedings, and which, in light of the Plaintiff's pro se status, the Court must hold to a less stringent standard than formal drafted by an attorney and construed liberally. See Haines v Kerner, 404 U.S. 519, 520, 92, S.Ct, 594, 596, 30 L.Ed. 2D 652 (1972).

WHERFORE, Plaintiffs request that the Court grant the Castellanos an opportunity, to file a response to the motion to dismiss.

DATED this 30 of October, 2017.

By: _____

Judith Castellanos and Pablo Castellanos

Pro Se Plaintiffs

Pablo and Judith Castellanos
16809 S. 44th Street
Phoenix,, Arizona 85048
480-205-4035
Judy.Castellanos@hotmail.com

**EXHIBIT 1**

Case 2:17-cv-00437-DJH   Document 19   Filed 10/30/17   Page 10 of 14

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
K. Laird, Deputy
12/30/2016 9:34:00 PM
Filing ID 7985143

Clint S. Dunaway (028027)
**DAVIS MILES MCGUIRE GARDNER, PLLC**
40 E. Rio Salado Parkway, Suite 425
Tempe, Arizona 85281
Tel: (480) 344-4035
Fax: (480) 269-9012
Email: efile.dockets@davismiles.com
*Attorney for Defendants*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| US BANK, NA, SUCCESSOR TRUSTEE TO LASALLE BANK NATIONAL ASSOCIATION, ON BEHALF OF THE HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2007-HE3, ASSET-BACKED CERTIFICATES SERIES 2007-HE3 ENCORE CREDIT CORP., <br><br> Plaintiffs, <br><br> v. <br><br> PABLO A. CASTELLANOS and JUDITH T. CASTELLANOS, Occupants and Parties-In-Possession, <br><br> Defendants. | Case No.: CV2016-007257 <br><br> **EMERGENCY MOTION TO STAY WRIT OF RESTITUTION** |

**COMES NOW** Defendants Pablo Castellanos and Judith Castellanos ("Defendants") herein, and do hereby move to stay the writ of restitution filed by the Plaintiffs with this Court on December 29, 2016.

**HISTORY**

1. The property in question is located at: 16405 S. 43rd Place, Phoenix, Arizona 85048 ("Property").

2. On or around January 19, 2007, Defendants purchased the Property for $312,000.

3. Defendants did not make payments on the note as originally agreed. As such, Plaintiffs initiated Trustee's Sale proceedings on the Property on January 15, 2016.

4. Contrary to Arizona law Plaintiffs did not provide proper notice of the pending foreclosure. Because of the Plaintiffs non-compliance the Defendants had no idea that a foreclosure was even pending.

5. A Trustee's Sale was scheduled for April 19, 2016 and the Plaintiff was the successful purchaser of the Property.

6. Plaintiffs subsequently filed a Forcible Entry and Detainer with this Court on August 18, 2016. A trial was held on November 3, 2016 and a judgment was granted in favor of the Plaintiffs.

7. Plaintiffs filed a Writ of Restitution on December 29, 2016 with this Court.

## LEGAL ANALYSIS

An action has been filed by Defendants in the Maricopa County Superior Court for wrongful foreclosure and to quite title. Defendants contend that the Plaintiffs did not have the right to foreclose on the Property because they did not follow the notice requirements to foreclose on a property as prescribed by law. Because Plaintiffs did not follow Arizona law their foreclosure on the Property was improper.

Defendants dispute the Plaintiffs claim of title and ownership in the Property. The originating mortgage lender, and others alleged to have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Mortgage/Deed of Trust related to the Property. As such, they do not have lawful ownership or a security interest in Plaintiffs' Property. The Defendants' Property was wrongfully foreclosed and an action has been brought by the Castellanos against the Plaintiffs for wrongful foreclosure and to quiet title.

Plaintiffs cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the Defendants' original Promissory Note and Mortgage/Deed of Trust, resulting in imperfect security interests and claims. Therefore, Plaintiffs have not perfected any claim of title or security interest in the Property. Plaintiffs do not have the ability to establish that the mortgage that secures the note, was legally or properly acquired.

Plaintiffs cannot produce documents or records that demonstrate that prior to the foreclosure the Note was duly endorsed and transferred. Any security interest in the Property was, thus, never perfected. The alleged holder of the Note is not the beneficiary of the Mortgage/Deed of Trust. The alleged beneficiary of Defendants' Mortgage/Deed of Trust does not have the requisite title, perfected security interest or standing to proceed in a foreclosure; and

is not the real party in interest. A Mortgage/Deed of Trust without proper transfer of the obligation that it secures is a legal nullity.

Plaintiffs' claim of right, title, lien or interest in or to the property adverse to Defendants' title, and these claims constitute a cloud on Defendants' title to the Property. In order for Plaintiffs to have legitimately foreclosed on the Defendants' Property, they must prove that there was a complete and unbroken chain of endorsements and transfers of the Note and the Trustee of the Securitized Trust had actual physical possession of the Note at the point in time, when all indorsements and assignments had been completed.

Absent such proof, Plaintiffs did not have the legal authority to foreclose on the Property. Therefore, the Plaintiffs did not have the legal authority to foreclose on the Property and for this reason the Defendants have filed a quiet title action. The Defendants should not be evicted from their home while in the process of defending their home against wrongful foreclosure and quiet title. Therefore we request the Plaintiffs writ be stayed while their quiet title action is pending. A legitimate dispute exists with the Plaintiffs right to ownership and possession, the home owners of almost 10 years should be given the opportunity to settle the dispute.

**WHEREFORE**, Plaintiffs pray that the Writ of Restitution be squashed because a dispute exists regarding the ownership of said Property:

**RESPECTFULLY SUBMITTED** this 30th day of December, 2016.

**Davis Miles McGuire Gardner, PLLC**

_/s/ Clint S. Dunaway_
Clint S. Dunaway, Esq. (Bar no. 028027)
Attorney for the Defendants

Original e-filed this 30th day
of December, 2016 with
Maricopa County Superior Court
Clerk of the Superior Court

Copy of the foregoing was mailed
this 3rd day of January, 2017 to:

Lydia R. Tulin
**Shapiro, Van Ess & Sherman, LLP**
3636 N. Central Ave., Suite #400
Phoenix, AZ 85012
_Plaintiff's Attorney_

The foregoing instrument is a full, true and correct copy of the original electronically filed document on file with the Clerk of the Court.
Attest  February 24, 2017
MICHAEL K. JEANES, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.
By  M. Carrillo  Deputy

3

**EXHIBIT 2**

**Case: 2:17cv437**

FILED ___ LODGED
RECEIVED ___ COPY

OCT 23 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**Judith T Castellanos**

**16405 S 43rd Place**
**Phoenix, AZ 85048**

DOC. 12

RECEIVED
OCT 23 2017
CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

850 DE 1    0010/21/17
RETURN TO SENDER
VACANT
UNABLE TO FORWARD
BC: 85003211805    *1879-05453-21-25

ZIP 85003
041M11277589

US POSTAGE $000.672
10/12/2017
NEOPOST

RETURN TO SENDER

OFFICIAL BUSINESS

UNITED STATES DISTRICT COURT
SANDRA DAY O'CONNOR U.S. COURTHOUSE, SUITE 130
401 W. WASHINGTON ST., SPC-1
PHOENIX, AZ 85003-2118