Jacob B. Maskovich, (No. 021920)
Daniel P. Crane, (No. 030623)
BRYAN CAVE LLP, #00145700
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Fax: (602) 364-7070
jamaskovich@bryancave.com
dan.crane@bryancave.com

Attorneys for JPMorgan Chase Bank, N.A.
and California Reconveyance Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pablo A. Castellanos and Judith T. Castellanos, husband and wife,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Encore Credit Corporation; Mortgage Electronic Registration Systems, aka "MERS"; Bank of America, National Association as Successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities ILLC, Asset-Backed Certificates, Series 2007-HE3; JPMorgan Chase Bank, N.A.; Select Portfolio Servicing, Inc.; Quality Loan Service Corp.; California Reconveyance Co.,<br><br>　　　　Defendants. | No. CV-17-02428-PHX-SPL<br><br>**JPMORGAN CHASE BANK, N.A. AND CALIFORNIA RECONVEYANCE COMPANY'S RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE COURT CASES** |

Defendant JPMorgan Chase Bank, N.A. ("Chase") and California Reconveyance Company ("CRC," and collectively with Chase, "Chase Defendants") hereby respond to Plaintiffs' Motion to Consolidate Court Cases ("Motion to Consolidate").

964802\0561429

In order to avoid delay and based upon fully briefed motions to dismiss in both lawsuits, this Court should deny the Motion to Consolidate, without prejudice, until the motions to dismiss have been ruled upon. To the extent Plaintiffs' claims survive the pending motions, Plaintiffs can then seek to consolidate any remaining claims.

## I.     Background.

**2017 Lawsuit**

On July 20, 2017, Plaintiffs filed a complaint in this Court against, among others, the Chase Defendants, Case No. 2:17-cv-02428-PHX-SPL ("2017 Lawsuit"). Plaintiffs' claims arise from the July 2016 trustee's sale of a deed of trust recorded against the property at 16405 South 43rd Place, Phoenix, Arizona 85048 ("Property"), which secured a 2007 residential home loan. Plaintiffs assert wrongful foreclosure and quiet title claims. Plaintiffs also assert claims based upon publicly recorded documents and certain statutory claims. (*See generally* Doc. 12 (First Amended Complaint) and Doc. 35 (Chase Defendants' Motion to Dismiss))

Importantly, Plaintiffs admit that the Chase Defendants have had no interest in the loan or deed of trust recorded against the Property issue since June 1, 2013. (Doc. 1 at ¶ 37) Thus, the Chase Defendants could not possibly be liable for the 2016 foreclosure of the Property. Further, Plaintiffs allegation in the 2017 Lawsuit that Chase violated TILA by failing to properly notice the transfer of servicing in 2013 far exceeds the one-year statute of limitations. Plaintiffs also admit that the Chase Defendants have not recorded a document related to the Property since October 2012, barring Plaintiffs' wrongful recording claim because of the four year statute of limitations for wrongful recording.

**2016 Lawsuit**

Plaintiff previously filed a similar wrongful foreclosure and quiet title action on or about December 30, 2016 against U.S. Bank, N.A., as Trustee for Certificate holders of Bear Stearns Asset Backed Securities ILLC, Asset-Backed Certificates, Series 2007-HE3 and Encore Credit Corp. in the Maricopa County Superior Court ("2016 Lawsuit"). The 2016 Lawsuit was subsequently removed to this Court as Case No. 2:17-cv-00437-DJH.

964802\0561429

## II.     Legal Standard.

Under Fed. R. Civ. P. 42(a), "courts may consolidate actions when such actions involve a common question of law or fact, or when consolidation may tend to avoid unnecessary costs or delay." *Cooper v. City of Tucson,* No. CV 12-208 TUC DCB, 2015 WL 1522198, at *1 (D. Ariz. Apr. 2, 2015); *see also Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, No. CV 03 1555 PHX SRB, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006) ("However, the fact that a common question is present does not guarantee consolidation."). The Court has broad discretion and must balance "judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Garcia v. Army*, No. CV-14-02225-PHX-DGC, 2015 WL 5646640, at *2 (D. Ariz. Sept. 25, 2015).

## III.    Analysis.

At this stage of the litigation, Plaintiffs' Motion only will increase costs and delay resolution. First, the Chase Defendants are not a party to the 2016 Lawsuit and no cause of action asserted in the 2016 Lawsuit pertains to conduct by the Chase Defendants. Indeed, Plaintiffs admit the Chase Defendants had no involvement at the time of foreclosure. Second, even if Plaintiffs attempt to assert wrongful foreclosure or quiet title as to the Chase Defendants, those claims are barred by A.R.S. § 33-811(C) because Plaintiffs failed to raise their defenses by 5 p.m. the day before the sale. *Lehnerd v. Mortg. Elec. Registration Sys., Inc.*, 689 F. App'x 875 (9th Cir. 2017) (plaintiff "failed to obtain injunctive relief before the trustee's sale of the property, and he therefore waived any defenses and objections to the sale."). In short, the Chase Defendants should not be a party to either lawsuit, and the 2016 Lawsuit does not present any common question of fact relating to the Chase Defendants because Plaintiffs admit the Chase Defendants did not have any involvement in the foreclosure.

As such, consolidation is not proper. At minimum, consolidation should not be considered until after the Court considers and rules upon the fully briefed motions to dismiss. In the event the Court determines that Plaintiffs' claims against the Chase

1  Defendants survive the motion to dismiss, Plaintiffs can then re-assert their consolidation
2  request.
3  **IV.     Conclusion.**
4       Plaintiffs' claims against the Chase Defendants fail for the reasons set forth in the
5  Chase Defendants' motion to dismiss.  This Court should deny consolidating the Lawsuits
6  until the Court has determined what claims, if any, survive the motions to dismiss.
7       DATED this 14th day of December, 2017.

BRYAN CAVE LLP


By  *s/Daniel P. Crane*
    Jacob A. Maskovich
    Daniel P. Crane
    Two N. Central Avenue, Suite 2100
    Phoenix, AZ 85004-4406
    Attorneys for JPMorgan Chase Bank,
    N.A. and California Reconveyance
    Company

4

964802\0561429

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent a copy via U.S. mail to:

Pablo A. Castellanos
Judith T. Castellanos
16809 S. 44th Street
Phoenix, AZ 85048

s/*Cristina Daniels*

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

964802\0561429