Kim R. Lepore (SBN 019130)
klepore@wrightlegal.net
Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
**WRIGHT, FINLAY & ZAK, LLP**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
Telephone: (602) 845-8898
Facsimile: (949) 608-9142

Attorneys for *Defendant*
U.S. Bank, N.A., successor trustee to LaSalle
Bank National Association, on behalf of the
holders of Bear Stearns Asset Backed Securities
I Trust 2007-HE3, Asset-Backed Certificates
Series 2007-HE3

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Pablo A. Castellanos and Judith T. Castellanos,<br><br>Plaintiffs,<br><br>vs.<br><br>US Bank, NA, Successor Trustee to LaSalle Bank National Association, on behalf of the Holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3; and Encore Credit Corp.,<br><br>Defendants. | Case No. 2:17-cv-00437-DJH<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

U.S. Bank,[1] by and through counsel undersigned, hereby respectfully submits the following Reply in support of its Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted ("Motion to Dismiss") (Doc. 10). U.S. Bank also submits this Reply in opposition to Plaintiffs' Response to the Motion to Dismiss ("Response") (Doc. 23), which asks this Court to deny the Motion to Dismiss for several reasons, most of which are premised on the allegation that Plaintiffs were deprived of due process because they never received notice of the foreclosure sale of the Property. However,

---

[1] All defined terms herein shall have the same meaning as set forth in the Motion to Dismiss.

the exhibits attached to Plaintiffs' Complaint in Case No. 2:17-cv-02428-DGC belie this argument.[2] Additionally, due process requirements do not apply to private deed of trust sales because they do not constitute state action.

Accordingly, this Court should dismiss Plaintiffs' Complaint with prejudice.

**A.     Plaintiffs Had Actual Notice Prior to the Foreclosure.**

Plaintiffs attempt to defeat A.R.S. § 33-811(C)'s bar to Plaintiffs' two causes of action for wrongful foreclosure and quiet title by arguing that they never received notice of the July 20, 2016 foreclosure sale of the Property. Specifically, Plaintiffs claim that US Bank "[failed] to provide notice of pending foreclosure," and they "became aware that their home of 20 years had been sold without their knowledge via a complaint they filed with the Arizona Attorney General's office on July 21, 2016."[3]

However, the exhibits attached to Plaintiffs' original Complaint in Case No. 2:17-cv-02428-DGC reflect that Plaintiffs had actual notice of the foreclosure sale. Specifically, on April 10, 2016, Plaintiffs sent written correspondence to SPS entitled "Affidavit of Truth and Notice of Unlawful Foreclosure Actions," confirming Plaintiffs' receipt of the January 15, 2016 Notice of Trustee's Sale.[4] Indeed, in this Affidavit, Plaintiffs state that on "January 22, 2016, [Plaintiffs] received [a] Notice of Trustee's Sale in the mail…FROM [sic] Quality Loan Service Corporation notifying [Plaintiffs] of [the] intended foreclosure sale of the [P]roperty…"[5] Plaintiffs' signatures on this Affidavit are accompanied by a notary acknowledgment also dated April 10, 2016.[6]

In sum, Plaintiffs had knowledge of the July 20, 2016 foreclosure sale as early as January 22, 2016, and, therefore, had ample opportunity to obtain an injunctive order pursuant to Arizona Rule of Civil Procedure 65 in advance thereof. Because Plaintiffs failed to take any action, the bar to both of their claims under A.R.S. § 33-811(C) applies. See *BT*

---

[2] U.S. Bank requests that this Court take judicial notice of the Complaint filed in this Court under Case No. 2:17-cv-02428-DGC (Doc. 1).
[3] Doc. 1 at p. 6.
[4] Doc. 1-1, pp. 131-134.
[5] Doc. 1-1, p. 131.
[6] Doc. 1-1, pp. 133-134.

**REPLY IN SUPPORT OF MOTION TO DISMISS**

*Capital, LLC v. TD Service Co. of Arizona*, 229 Ariz. 299, 301, 275 P.3d 598, 600 (2012).

**B.     Rule 60(b) Does Not Apply.**

Plaintiffs claim to bring their Response "under the Federal Rule of Civil Procedure Rule 60(b) Grounds for Relief form [sic] a Final Judgement Order."[7] Plaintiffs request an order setting aside the judgment of foreclosure because it was obtained by fraud and in violation of their due process rights. However, Defendant did not obtain a judgment of foreclosure. Defendant conducted a non-judicial foreclosure. Thus, there is no judgment to set aside. Additionally, as discussed in Section A above, Plaintiffs admittedly received notice of the foreclosure at least 6 months before the Trustee's Sale.

**C.     A.R.S. § 33-811(C) is Constitutional.**

Plaintiffs state that they view A.R.S. § 33-811(C) as unconstitutional because it deprived them of their due process.[8] Plaintiff cite two cases wherein Judges have stated that: (1) A.R.S. § 33-811(C) may apply to deprive a trustor of due process if that trustor is not given sufficient notice of the trustee's sale to obtain an injunction of the sale, and (2) a foreclosure sale is void if there are grounds for equitable relief based on serious sale defects, including deliberate notice failure, fraud, misrepresentation, or concealment.[9] These cases do not apply in this case because Plaintiffs <u>did</u> receive notice. They signed a *notarized* affidavit stating they received the Notice of Trustee's Sale months before the sale occurred.

Further, the Arizona Court of Appeals has found that due process requirements are not applicable to a private deed of trust sale because such a sale does not constitute state action. See *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, ¶24, 17 P.3d 790, 795 (App. 2000).

**D.     Chase and Select Portfolio Servicing's Actions are Irrelevant.**

Plaintiffs allege - in six pages of the 24 page Response - that Chase engaged in unfair and deceptive acts and practices in 2012 and 2013 by failing to honor a trial loan modification. Plaintiffs further allege that after the loan transferred to a new loan servicer, Select Portfolio Servicing (SPS), SPS failed to correct Chase's mistakes. However, Plaintiffs

---

[7] Response at p. 7.
[8] Response at p. 8.
[9] *Id*.

do not allege how U.S. Bank is liable for Chase and SPS's alleged errors. Furthermore, those alleged errors by third parties have no bearing on Plaintiffs' causes of action for wrongful foreclosure and quiet title.

**E.     Plaintiffs do not have Standing to Challenge Securitization.**

Plaintiffs again allege that the Note was improperly or untimely transferred to the Trust. As stated in the Motion to Dismiss, the District Court of Arizona held that it is well established that mortgagees generally cannot cite violations of PSAs, or defects in the securitization process, to support a wrongful foreclosure claim because mortgagees are not parties to the agreements and have no standing to claim noncompliance with the agreements. *Famili v. Wells Fargo Bank NA*, CV-13-00702-PHX-DGC, 2013 WL 6731135 (D. Ariz. Dec. 19, 2013).

**F.     U.S. Bank Complied with the Deed of Trust Requirements.**

Plaintiffs allege that U.S. Bank failed to send a written regarding an event of default and of the Lender's election to foreclose, as required by the Deed of Trust. Plaintiffs further allege that this notice cannot be sent by the Lender's agent. Again, the documents attached to Plaintiffs' Complaint in Case No. 2:17-cv-02428-DGC belie these arguments. Plaintiffs attach a Notice of Default, Right to Cure that was sent to Plaintiffs which complies with the requirements of paragraph 22 of the Deed of Trust.[10] Paragraph 22 of the Deed of Trust states that the lender shall give notice to Borrower prior to acceleration following Borrower's breach of the Deed of Trust which specifies the default, the action required to cure the default, a date not less than 30 days from the date the notice is give, by which the default must be cured, and that failure to cure may result in acceleration and sale of the Property.[11] The Notice of Default was sent by the loan servicer for U.S. Bank, which has full authority to act on behalf of U.S. Bank. Additionally, the Notice of Default states that the servicer was instructed by the noteholder to take action such action. Thus, U.S. Bank complied with the Deed of Trust notice requirements.

---

[10] Doc. 1-1, pp. 91-94.

1  **G.     *Stauffer II* Confirms Plaintiffs Fail to State an A.R.S. § 33-420 Claim.**

2  Plaintiffs also claim they have a cause of action for violation of A.R.S. §33-420, despite not asserting such a cause of action in the Complaint. Nonetheless, this cause of action also fails. Ignoring the holding of *Sitton v. Deutsche Bank Nat. Trust Co.,* 233 Ariz. 215, 311 P.3d 237 (App. 2013), Plaintiffs contend that the Arizona Court of Appeals' decision in *Stauffer v. U.S. Bank Nat. Ass'n*, 233 Ariz. 22, 308 P.3d 1173 (App. 2013), allows Plaintiffs to assert an A.R.S. § 33-420 claim without consideration of materiality.[12] However, *Stauffer* was implicitly overruled by *Sitton*, and abrogated by *Stauffer v. Premier Serv. Mortg., LLC*, 240 Ariz. 575, 577, 382 P.3d 790, 792 (App. 2016) ("*Stauffer II*").

Indeed, 16 days after deciding *Stauffer*, the same division of the Arizona Court of Appeals, on September 5, 2013, issued its opinion in *Sitton* and established the materiality requirement for asserting an A.R.S. § 33-420 claim. Under Arizona law, "[a] judicial precedent may be overruled by implication." *Pace v. Pace*, 128 Ariz. 455, 457, 626 P.2d 619, 621 (App. 1981). "Thus it is said that a later decision overrules prior decisions which conflict with it whether such prior decisions are mentioned and commented upon or not." *Id*. Accordingly, any precedent established by the *Stauffer* decision was overruled by *Sitton*, and any argument by Plaintiffs that *Stauffer* permits borrowers to challenge the recording of the requisite non-judicial foreclosure documents under A.R.S. § 33-420, must be summarily dismissed.

Moreover, *Stauffer II*, abrogated the prior holding of *Stauffer* and is consistent with the conclusions drawn in *Sitton*. Specifically, in *Stauffer II*, the Arizona Court of Appeals again analyzed the materiality requirement for an A.R.S. § 33-420 claim as follows:

> For a misstatement to be material, a reasonable person would attach importance to its existence or nonexistence in determining [his or her] choice of action in the transaction in question. Like the Recorded Documents here, the documents in *Sitton* erred in reciting the assignment dates and the identity of the assignor. Those misstatements were deemed not material to the borrowers because the borrowers' obligations or possible available actions remained the same: to repay the loan according to the terms of the note, to try to renegotiate the terms of the note, or to default

---

[11] Doc. 1-1, pp. 12-13.
[12] Doc. 1, pp. 18-20.

and accept foreclosure. Similarly, the Recorded Documents here do not affect the legal obligations or choice of actions for the Stauffers. Although the Recorded Documents here contain inconsistencies in the identity of the assignor and the dates of the assignment, the Stauffers' options as borrowers remain the same: to pay the monthly installments, to renegotiate the terms of the note, or to otherwise face foreclosure. *Stauffer v. Premier Serv. Mortg., LLC*, 240 Ariz. 575, 578, 382 P.3d 790, 793 (App. 2016) [Internal citations and quotations omitted].

Because *Stauffer II* mirrored the holding set forth in *Sitton*, any precedent established by *Stauffer* was overruled. Therefore, *Stauffer* cannot support Plaintiffs arguments in this case.

**WHEREFORE**, for all of the foregoing reasons, and those set forth in the Motion to Dismiss, U.S. Bank respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice and award U.S. Bank its attorneys' fees and costs incurred herein, pursuant to A.R.S. §§ 12-341, 12-341.01 and 12-349, and for such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 26th day of March, 2018.

**WRIGHT, FINLAY & ZAK, LLP**

/s/ *Kim Lepore*
KIM R. LEPORE
U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March, 2018, I electronically transmitted the foregoing document and any attachments to the Office of the Clerk of the United States District Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants

Pablo A. Castellanos
Judith T. Castellanos
16809 S. 44th Street
Phoenix, Arizona 85048
judy.castellanos@hotmail.com
Plaintiffs *In Propria Persona*

/s/ *Gretchen Grant*
GRETCHEN GRANT