1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                        **FOR THE DISTRICT OF ARIZONA**
8
9    Pablo A. Castellanos, et al.,                  No. CV-17-00437-PHX-DJH
10                  Plaintiffs,                       **ORDER**
11   v.
12   U.S. Bank NA, et al.,
13                  Defendants.
14
15
16         This matter is before the court on Defendant U.S. Bank, NA's ("Defendant")
17   motion to dismiss Plaintiffs' complaint for failure to state a claim under Fed. R. Civ.
18   12(b)(6) filed on March 17, 2017.  (Doc. 10).  Plaintiff failed to respond by the initial
19   deadline.
20         On October 11, 2017, the Court ordered Plaintiffs to show cause in writing before
21   October 25, 2017 as to why this action should not be dismissed based on their failure to
22   respond to Defendant's motion to dismiss or otherwise comply with this Court's order
23   directing them to retain counsel or file a notice if they were representing themselves.
24   (Doc. 12).  On October 20, 2017, after nearly seven months of silence, Plaintiffs sought
25   an extension of time to file their response to Defendant's motion to dismiss.  (Doc. 13).
26   In this motion, Plaintiffs misrepresented to the Court that Defendant had stipulated to the
27   extension of time.  (*Compare id.* ("The parties stipulate to an extension of time…") with
28   Doc. 15 ("[A]t no point has U.S. Bank stipulated to allow Plaintiffs any extension of time

to response to [its motion]").  Without waiting for the Court to rule on their request, on October 25, 2017, Plaintiffs filed a 62-page response to Defendant's motion to dismiss. (Doc. 17).  On October 27, 2017, this Court struck Plaintiffs' response for noncompliance with the Local Rules (Doc. 17) and ordered Plaintiffs to show cause by October 30, 2017 why this action should not be dismissed based on their failure to respond to Defendant's motion to dismiss and failure to comply with the Court's March 9, 2017 Order .  (Doc. 18).

This Court did grant Plaintiff's motion for an extension of time, and Plaintiffs responded to the motion to dismiss on March 20, 2018, over a year after the motion was filed.  (Doc. 23).  Defendants filed a reply brief on March 26, 2018.  (Doc. 25).

**I.     Background**

Plaintiffs executed a promissory note on or about January 19, 2007.  This note was secured by a deed of trust encumbering a property located at 16405 S. 43rd Place, Phoenix, Arizona 85048.   (the "Property").   The Deed of Trust was subsequently assigned to Defendant U.S. Bank.  Plaintiff defaulted on the loan on January 15, 2016.  A Notice of Trustee's Sale was published with a stated auction date of April 19, 2016.  Defendant was the highest bidder at the auction, purchased the Property, and received Title.

Plaintiffs filed suit, alleging that the Note was improperly transferred and thus Defendant did not have the right to enforce the power of sale.  Plaintiffs pleaded two claims in their complaint: wrongful foreclose and quiet title.  They argue that Arizona law does not prevent them from bringing these claims, even though the time to object has already passed, because they did not have notice of the trustee sale prior to the Property being sold.  (Doc. 1).

Defendant seeks to dismiss both claims in the complaint.  Defendant first argues that both claims are pre-empted by Arizona law and thus that its motion can be granted on that ground alone.  Defendant also argues that independent grounds exist to dismiss both claims, specifically that Plaintiffs did not allege facts required for either claim in

their complaint, but attempt to do so for the first time in their response in opposition to the motion to dismiss.

The crux of the Plaintiff's argument is that they did not receive adequate notice of the sale.  For the reasons explained below, the Court will grant Defendant's motion to dismiss.

## II.    Legal Standards

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  A complaint must contain a "short and plain statement showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them."  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  The Rule 8 standard reflects a presumption against rejecting complaints for failure to state a claim and, therefore, motions seeking such relief are disfavored and rarely granted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997).  Rule 8, however, requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint need not contain detailed factual allegations to avoid a Rule 12(b)(6) dismissal; it simply must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (citation omitted).

In addition, the Court must interpret the facts alleged in the complaint in the light

most favorable to the plaintiff, while also accepting all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 129 S.Ct. at 1949. A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

## A. A.R.S. § 33-811 Application

Plaintiffs' complaint alleges that Defendant did not provide proper notice and thus that they did not have the right to foreclose on the Property. Defendant argues that A.R.S. § 33-811 bars these claims from suit. Objections to a trustee sale under Arizona law provides:

> *The trustee's deed shall raise the presumption of compliance* with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale. A trustee's deed shall constitute conclusive evidence of the meeting of those requirements in favor of purchasers or encumbrancers for value and without actual notice. Knowledge of the trustee shall not be imputed to the beneficiary.
>
> The trustor, its successors or assigns, *and all persons to whom the trustee mails a notice of a sale* under a trust deed pursuant to § 33-809 *shall waive all defenses and objections to the sale not raised* in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

Ariz. Rev. Stat. Ann. § 33-811 (emphasis added).

Under this statute, a person who wishes to bring forth defenses or objections to a trustee's sale that has been noticed must file for injunctive relief. *Cf. In re Krohn,* 203 Ariz. at 214 ¶ 38, 52 P.3d at 783 (allowing debtor to challenge completed trustee's sale based on grossly inadequate bid price). Where a trustee's sale is completed, an individual cannot later bring forth claims with pre-sale defenses or objections because they are

barred from doing so by § 33–811(C).  *BT Capital, LLC v. TD Serv. Co. of Arizona*, 229 Ariz. 299, 301, 275 P.3d 598, 600 (2012).

In *Madison v. Groseth,* 279 P.3d 633, 638 ¶ 15 (Ariz.App.2012), the Arizona Court of Appeals held that Plaintiff had waived "all defenses and objections to the sale," when they failed to obtain an injunction prior to the sale.  The court further stated: "In sum, because Madison's tort claims depend on her objections to the validity of the trustee's sale, and she has waived those objections, her tort claims cannot survive as a matter of law.  The trial court therefore properly dismissed Madison's complaint pursuant to Rule 12(b)(6)." *Id.   Grady v. Tri-City Nat. Bank*, No. CV 12-2507-PHX-JAT, 2013 WL 2147541, at *2 (D. Ariz. May 15, 2013) (*citing Madison v. Groseth,* 279 P.3d 633, 638 ¶ 15 (Ariz.App.2012)).

Plaintiffs argue that they did not have notice of the sale, and thus that their rights were affected.  Defendant argues that Plaintiffs did have notice of the sale, as evidenced by the sworn and notarized affidavit filed with their complaint in a case with similar facts in front of Judge Logan of this District.  (17-cv-02428, Doc. 1-1).  The Court may properly take judicial notice of the foregoing document.  Rule 201 permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Here, the Affidavit discussed by Defendant is a matter of public record and filed by the Plaintiff along with a complaint in federal court, and thus is verifiable as to its accuracy.  *See Reyn's Pasta Bella, LLC v. Visa USA,* Inc., 442 F.3d 741, 746 n. 6 (9th Cir.2006) ("court filings and other matters of public record" were "readily verifiable and, therefore, the proper subject of judicial notice[ ]"); *Kourtis v. Cameron,* 419 F.3d 989, 994 n. 2 (9th Cir.2005) (citation omitted). Therefore, the Court takes judicial notice of the Plaintiffs' Affidavit.

The Affidavit states "[o]n January 22, 2016, Affiant received Notice of Trustee's Sale in the mail…notifying Affiant of intended foreclosure sale of property located at 16405 S. 43rd Pl, Phoenix, Arizona 85048," with a sale date of April 19, 2016.  (17-cv-

02428, Doc. 1 at 132).  According to the Complaint in the present matter the property at issue in this case is also located at 16405 S. 43rd Place, Phoenix, Arizona 85048.  In their response in opposition to the motion to dismiss, Plaintiffs claim that they "became aware that their home of 20 years had been sold without their knowledge via a complaint they filed with the Arizona Attorney General's office on July 21, 2016."  (Doc. 23 at 6).  This is in direct contradiction to the sworn Affidavit they filed in support of their complaint in the case before Judge Logan.  Plaintiffs therefore admitted to having notice of the sale in a complaint filed with another judge in this District, while at the same time telling this Court that they did not.  These statements are contradictory, possibly constitute false statements, and at worst may be fraud upon the Court.  The Court finds that the Plaintiffs had notice of the sale and that notice was proper here.

Moreover, it is undisputed that Plaintiffs did not receive an injunction prior to the sale of the Property.  There is no evidence that Plaintiffs even attempted to obtain an injunctive order between the time they received notice of the sale and the time that the sale occurred.  Having found that the provisions of A.R.S. § 33-811 apply to these facts, and finding that the Plaintiffs received notice of the sale as evidenced by their own sworn and notarized Affidavit, the Court finds that Plaintiffs waived any chance to object to the sale.  Therefore, the Court finds that Ariz. Rev. Stat. Ann. § 33-811 bars Plaintiffs claims from suit and the Defendant's motion will be granted.  The Court will also address the alternative arguments raised by Defendant in their motion regarding insufficient pleading of both of Plaintiffs' claims.

**B. Wrongful Foreclosure Claim**

Alternatively, Defendant argues that Plaintiffs have not pleaded sufficient facts required to go forward with a wrongful foreclosure claim.  Plaintiffs' complaint alleges that Defendant did not provide proper notice and thus that they did not have the right to foreclose on the Property.  They do not allege that they were current on their loan, and thus not in default, or that there were any other reasons that the Defendant did not have a right to foreclose on the Property.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Arizona District Courts have recognized the tort of wrongful foreclosure under Arizona law. *See Herring v. Countrywide Home Loans, Inc.*, No. CV 06-2622-PHX-PGR, 2007 WL 2051394, at *5 (D. Ariz. July 13, 2007); *Schrock v. Fed. Nat. Mortg. Ass'n*, No. CV 11-0567-PHX-JAT, 2011 WL 3348227, at *6 (D. Ariz. Aug. 3, 2011); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). The Courts in this District have reasoned that the Arizona Deed of Trust Act does not come into play and allow a trustee's sale until "after a breach or default," and therefore that a trustee violates the Arizona statutory requirements when it proceeds with a sale after a Plaintiff has cured a default or where a Plaintiff is not actually in default. *Contreras v. U.S. Bank as Tr. for CSMC Mortg. Backed Pass-through Certificates, Series 2006-5*, No. CV09-0137-PHX-NVW, 2009 WL 4827016, at *5 (D. Ariz. Dec. 15, 2009). It follows, therefore, that a Plaintiff must allege that they were either not in default at the time of the sale, or that they were in default and that default was cured prior to the sale. Having already found that notice was proper, the Court determines that Plaintiffs have not made any other allegations in their complaint to save their claim, and thus the Court finds they have not made a plausible showing of entitlement to relief. Therefore, Plaintiffs have not stated a claim for relief with regard to the wrongful foreclosure claim and the Defendant's motion to dismiss that claim is granted.

### C. Quiet Title Claim

Plaintiffs also seek to quiet title to the Property, alleging that Defendants could not prove lawful ownership of the Property at the time of the sale. In addition to the application of A.R.S. § 33-811 to this claim, Defendant argues that Plaintiffs have not plead sufficient facts required to go forward with a quiet title claim, namely that they have not alleged that they paid off the loan.

Equitable considerations are present in quiet title actions, such that "the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien." *Farrell v. West*, 57 Ariz. 490,

491, 114 P.2d 910, 911 (1941); *see also Eason v. Indymac Bank, FSB*, No. CV 09-1423-PHX-JAT, 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010) ("Until Plaintiff pays off the loan, the trustee, or the successor trustee as named by the beneficiary, holds the title in trust.  Thus, quiet title is not a remedy available to the trustor until the debt is paid or tendered.  Plaintiff has not paid the loan amount, nor has Plaintiff alleged that he is ready, willing and able to tender the full amount owed.").

Moreover, "Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure."  *Hogan v. Washington Mut. Bank, N.A.*, 230 Ariz. 584, 585, 277 P.3d 781, 782 (2012), *as amended* (July 11, 2012).  Rather, "the only proof of authority the trustee's sales statutes require is a statement indicating the basis for the trustee's authority." *Id.* at 783; *see* A.R.S. § 33–808(C)(5) (stating that the notice must describe "the basis for the trustee's qualification pursuant to § 33–803, subsection A"); *see also* A.R.S. § 33–807(A) (granting the trustee the "power of sale").  Where a sale is "noticed by a trustee who had recorded an instrument demonstrating that it was a successor in interest to the original trustee," a party has complied with the statutes.  *Id.*

Here, Plaintiff alleges that Defendant improperly foreclosed on the Property and that the Deed of Trust is null and void because the Note was improperly transferred.  Nowhere in the Complaint do Plaintiffs allege that they paid off the loan or tendered the balance due under the loan, prior to the time of the sale or at any time since the sale.  Moreover, as courts in this District have consistently held, proof of authority is not required before a foreclosure occurs, and thus Defendants were not required to prove ownership prior to going through with the sale.  *See Hogan v. Washington*.  Plaintiffs have not pleaded sufficient facts to show that they are entitled to proceed on a quiet title claim.  Therefore, Plaintiffs have not stated a claim for which relief can be granted and this count will be dismissed.

. . . .

. . . .

1    **III.    Conclusion**

2           For the reasons stated above, Plaintiffs claims cannot survive and this matter will

3    be dismissed pursuant to Fed. R. Civ. 12(b)(6).  Plaintiffs also make note of their status as

4    pro se litigants and appear to request leave to file an amended complaint.[1]  Leave to

5    amend is appropriate "unless the court determines that the pleading could not possibly be

6    cured by the allegations of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.

7    2000) (*quoting Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995)).  As discussed at

8    length above, Plaintiffs' claims depend on legal theories that have repeatedly been

9    rejected by this Court and other courts in the state of Arizona.  Moreover, with respect to

10   their status as pro se Plaintiffs, the Court notes that the present complaint was filed by an

11   attorney who has since withdrawn from the case.  Finally, Plaintiffs' conduct in filing a

12   false affidavit in support of their complaint warrants a denial of their request.  Therefore,

13   to the extent that they have requested leave to amend, the Plaintiffs' request is denied.[2]

---

15   [1] The Court in its Order on the motion for extension of time (Doc. 22) previously stated:

16           Plaintiffs make repeated note that they are pro se plaintiffs and as such,
17           argue that they should be subject to less stringent rules and standards than
         lawyers.  (*Id.*)  Although this Court questions the veracity of Plaintiffs'
18           purported lack of notice of the documents filed in this action, particularly in
         light of representations to the contrary made by their prior counsel and the
19           opposing counsel in this case, the Court will reluctantly grant this extension
         of time to respond to Defendant's motion to dismiss.  Plaintiffs have
20           elected to proceed without counsel in this action, which they are entitled to
         do.  But as with any litigant before this Court, they must become familiar
21           with, and follow, the applicable rules and orders of this Court. *Jacobsen v.*
22           *Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (Pro se litigants "should not be
         treated more favorably than parties with attorneys of record"); *Carter v.*
23           *Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986)
24           ("Although pro se, [plaintiff] is expected to abide by the rules of the court
         in which he litigates").

25

26

27   [2] The Court also notes that approximately six pages of the Plaintiffs' response in
28   opposition to the motion to dismiss contain legal arguments related to Defendants who
     are not parties to this motion or even to this case.  The Court has not considered those
     claims or parties as this motion to dismiss only pertains to Defendant U.S. Bank.

1    Accordingly,

2        **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss (Doc. 10) is

3    **GRANTED** with prejudice.

4        **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Consolidate (Doc. 20) is

5    **DENIED** as moot.

6        **IT IS FINALLY ORDERED** directing the Clerk of Court to terminate this

7    action.

8        **Dated** this 30th day of March, 2018.

9

10   _____
     Honorable Diane J. Humetewa

11     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28