PABLO A. CASTELLANOS
JUDITH T. CASTELLANOS
16809 S. 44TH STREET
PHOENIX, AZ 85048
480-205-4035
Judy.Castellanos@hotmail.com

FILED ____ LODGED
____ RECEIVED ____ COPY

APR 0 6 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ m/ _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PABLO A. CASTELLANOS AND JUDITH T. CASTELLANOS, Husband and Wife,<br><br>Plaintiff,<br><br>v.<br><br>Encore Credit, et, al.,<br><br><br>Defendant. | CASE No: CV-17-00437 DJH<br><br>**PLAITIFFS' REPLY IN SUPPORT OF MOTION TO VACATE JUDGMENT JUDGEMENT-DOC.26 & DOC. 61** |

## I.     INTRODUCTION

Plaintiffs Pablo A. Castellanos and Judith T. Castellanos ("Plaintiff") respectfully files this MOTION FOR RECONSIDERATION AND MOTION TO VACATE SUMMARY JUDGEMENT, pursuant to precedent case law, and in support thereof states as follows: Pro se complaints are to be construed liberally and "may be dismissed for failure to state a claim only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" Franklin v Murphy, 745 F. 2d 1221, 1228, 1230 (9th Cir. 1984) (quoting Haines v Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2D 652 (1972)). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear

that the deficiencies of the complaint could not be cured by amendment" Schucker v Rockwood, 846 F. 2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). The Supreme Court has instructed the federal courts to liberally construe the "inartful pleading" of pro se litigants. Boag v MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70L.Ed.2d551 (1982)(per curiam). "It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards then formal pleading drafted by lawyers....'" Hughes v Rowe, 449 U.S. 5,9,101 S. Ct. 173, 176, 66 L.Ed2d 163 (1980) (quoting Haines v Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 594, 30 Led.2d 652 (1972)); see also Noll, 809 F. 2d at 1448 ("Presumable unskilled in the law, the pro se litigant is far more prone to making error in pleading than the person who benefits from the representation of counsel."); Ashelam v Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (we hold [pro se pleading to less stringent standard than formal pleadings prepared by lawyers.") Moreover, before dismissing an action, a court should always be certain that other less drastic alternatives are not available. See Nevije, 651 F. 2d at 674. Elridge's status as a prisoner pro se plaintiff distinguishes his case from Jacobsen v Filler, 790 F. 2d 1362, 1364 (9th Cir. 1986).

## II.    STATEMENT OF FACTS

1. On January 15, 2016, Quality Loan Service Corporation recorded a Notice of Trustee's Sale; setting a sale date of April 19, 2016 on the Castellanos' Property; that notification was sent to the Castellanos then address of 16405 S. 43rd Place, Phoenix, AZ 85048;which the Plaintiffs state in the Case No: cv-17-02428-PHX-SPL (FAC 151)

2. On February 2016, Select Portfolio Servicing refused to release the name and number of the trust who owns the loan to the Castellanos as it was propriety. Plaintiff state in Case No. cv-17-02428-PHX-SPL (Response to Doc.35).

3. On April 10, 2016 Plaintiff submitted an Affidavit of Truth and Notice of Unlawful foreclosure Actions to Select Portfolio, Quality Loan Servicing Corporation, U.S. Department of Housing & Urban Development, Department of Justice, Office of the Comptroller of Currency, and Arizona Attorney General. In that Affidavit, Plaintiffs make reference to a recorded Deed of Release which has been released by the Deed of Release. See Exhibit 37. This statement and exhibit is in FAC Case No. cv-17-02428-PHX-SPL

4. On May 4, 2016, Jamin, S. Neil, Attorney of Wright Finlay & Zak representing Select Portfolio responded to the Affidavit stating Deed of Trust recorded on February 7, 2007 as Instrument No. 2007-0156567 was not released. In addition, Ms. Neil states, "Select Portfolio foreclosure **may** proceed". This reply was vague as to when the next See Exhibit 38. This statement and exhibit is in FAC Case No. cv-17-02428-PHX-SPL.

5. On July 21, 2016, a sign was posted on Plaintiffs front door. That notice indicated, "Property was now under the management of JM Realty LLC 4902 E. McDowell Road # 103Z/Phoenix, AZ 85008. It further stated to call Joseph Mahoney at 480.785.5612 for more information or invent of Emergency. Please respond within 7 days from this date_____. See Exhibit 39. This statement and exhibit is in FAC Case No. cv-17-02428-PHX-SPL

6. On July 21, 2016, the Castellanos were informed by JM Realty LLC that their home had been sold on July 20, 2016. Yet, the Plaintiff were never aware of this pending sale. They were deprived of their rights. Furthermore, the Plaintiffs were not aware where the notification of the pending sale was mailed to.

7. Plaintiffs' dismay became aware that their home of 20 years had been sold without their knowledge via a complaint they filed with the Arizona Attorney General's office on July 21, 2016. Plaintiffs received a copy of the postponement notification of trustee sale on August 12, 2016; which was the date the Attorney General responded to the Castellanos' complaint. Plaintiffs were deprived of their due process. Curties V Richardson 212 Ariz. 308 (Ariz. Ct. App. 2006) "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaning full matter. Comeau v Ariz. State Bd of Dental Exam'rs, 1996 Ariz, 102, 106 X20, 993 P. 2d 1066, 1070-71 (App. 1999). Due Process also entitles a party to offer evidence and confront adverse witness. Application of Levine, 97 Ariz, 88, 91-92, 397 P. 2 D. 205, 207 (1964). Due process requires that deprivation of a significant property interest to be preceded by both adequate notice and a meaningful opportunity for a hearing. See Sniadach v Family Fin.. Corp.,395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d349 (1969) (hearing must be aimed at establishing the validity, or at least the probable validity, of the underlying claim) See exhibit A and B. This is stated in Case No. cv-17-02428-PHX-SPL (Response to Doc.35).

8. The July 1, 2016 critical letter that Select Portfolio sent to the Castellanos regarding the trustee sale with a sale date of July 20, 2016 of their then house was sent to 13217 Jamboree Road, Suite 540, California 92782; where Plaintiff have never lived. See Exhibit 41 Letter form Office of District Attorney; See Letter Sent to 13217 Jamboree Road, Suite 540, California 92782-Exhibit 42; this is stated FAC Case No. cv-17-02428-PHX-SPL. A Complaint's exhibit, or public records regarding matters reference in a complaint, are not "outside the pleading," and courts may consider such documents without converting a Rule 12 (b) (6) motion into a summary judgement motion. See

Strategic Dev. & Constr., Inc., v 7th & Roosevelt Partners, LLC, 224 Arizona 60, 63, 10, 64, 13, 226 P. 3d1046, 1049-50  (App. 2010).

9. On March 27, 2017, Plaintiffs received notification from Office of the District Attorney Orange County District Attorney's Office stating that: "The Orange County District Attorney's Office investigated a fraudulent loan modification company by the Name of National Preservation Center.... On March 16, 2016, the Orange County District Attorney's Office served a search warrant upon the location... As a result of the investigation, NPC was dismantled and no longer operating as of this date." Therefore, the letter that Select Portfolio purportedly sent on July 1, 2016 was not accepted at that location. The letter from the Office of the District Attorney further states, "I was made aware by the UPS center management that they were no longer maintaining correspondence on NPC's behalf. See Exhibit 41 Letter form Office of District Attorney; See Letter Sent to 13217 Jamboree Road, Suite 540, California 92782-Exhibit 42; this is stated FAC Case No. cv-17-02428-PHX-SPL- In reviewing whether the dismissal was appropriate under Rule 12(b)(6), we consider the complaint and written instruments attached to it. See Ariz R. Civ P 19(c) ("Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in a motion. A copy of a written instrument which is an exhibit to a pleading is a part thereof for all purpose Cullen, 218 Ariz. at 419 ¶ 7; 189 P.3d at 346

10. All prior notifications from Defendants were sent to Plaintiffs prior resident at 16405 S. 43rd Place, Phoenix, AZ 85048; except the most critical one dated 7/1/2016 with a sale date of 7/20/2016.

## III.    ARGUMENT

11.    Here a multitude of conflicts in material exist that should have precluded a ruling of

dismissal with prejudice and not allowing to consolidate the two cases. Failure to consider less

drastic alternatives is an abuse of discretion. Nevijel v North Coast Life Co., 651 F.2d 671,

674 (9th Cir. 1981) In Nevijel, the Court found the suit was properly dismissed because prior to

dismissal, the plaintiff had amended the complaint, and the motion to alter or amend the

judgement and to file a second amended complaint were heard.

12.    To begin, the Plaintiffs object to **"Plaintiffs HAD ACTUAL NOTICE PRIOR to the**

**Foreclosure."** Plaintiffs have substantiated in their both complaints Cv-00437-DJH and Case

No. cv-17-02428-PHX-SPL that they indeed were deprived of their due process for failure to

provide notice of trustee sale that occurred on July 20, 2016. It is interesting that Defendants

on both complaints have not references as why the most critical notice dated July 1, 2016 was

mailed to 13217 Jamboree Road, Suite 540, California 92782; a place where Defendants have

never resided. The doctrine may allow relief when, by fraud a party has prevent "a real contest

before the court of the subject matter of the suit," id., or put differently, has committed "some

intentional act or conduct…[the] has prevented the unsuccessful party from having a fair

submission of the controversy." "Bases v Bates 1 Ariz.App. 165, 169, 400 P.2d 593, 597

(1965) The court has the power to set aside a judgement "[w]hen a party obtains a judgement

by concealing material facts and suppressing the truth with the intent to mislead the court."

Cypress on Sunland Homeowners Ass'n Orlandini 227 Ariz. 228, 229, 42, 257 P. 3d 1168,

1179 (App. 2011) (complaint contained false statements and material omissions, and counsel

made false statements in ex parte hearing)

13.    As if this was not enough, Defendants make reference that the Plaintiffs had notice of the

sale date as early as January 22, 2016; yet the notice of the sale date of July 20, 2016 was not

mailed until July 1, 2016 to 13217 Jamboree Road, Suite 540, California 92782 a place where

Plaintiffs had never lived. While Defendants make statement that the two cases that Plaintiffs

listed do not apply because the Castellanos received the notice. The cases cited by Plaintiffs are

directly on point. Let this court be known that the Defendants had mailed **ALL** prior

correspondences to 16405 S. 43rd place, Phoenix, AZ 85048; where Plaintiffs were living then;

except this notification dated July 1, 2016. Once a trustee's sale is complete, the only defense a

person subject to § 33-811 ( C) may raise is lack of notice of sale. Steinberger V McVey ex rel,

Cnty of Maricopa, 234 Ariz 125, 136 42, 318 P.3d 419, 430 (App. 2014). Rule 60 (C ) (4)

permits the courts, upon motion, to set aside a void judgement. A motion based on this

subsection may be filed at any time. Martin v Martin, 182 Ariz, 11, 14, 893 P.2d 1, 14 (App.

1994).  Rule 60 (C) (6) permits the court to set aside a judgement "for any other reason

justifying relief from the operation of the judgement." A motion based on this subsection must

be filed "within a reasonable time."

14.    While Defendants make a statement that the two cases that Plaintiffs listed:  In Sherryl

Madison, Plaintiff/Appellant, v Cyler and Roxanne Groseth, Executive Trustee Services, LLC,

Residential Funding Company, LLC: Mortgage Electronic Registrations Systems, Inc,: GMAC

Mortgage, LLC, Defendants/Appellees, No 1CA-CV 11-0222 Court of Appeals of Arizona,

Division 1 Department A. June 5, 2012 Judge Timmer, states, "We recognize that, under other

circumstances,  § 33-811 ( C)  may apply to deprive a trustor of due process if that trustor is

not given sufficient notice of the trustee's sale to obtain an injunction of the sale.  A

foreclosure sale is void if there are grounds for equitable relief based on serious sale defects

including deliberate notice failure, fraud, misrepresentation or concealment. Main I Ltd.

Partnership V Venture Capital Const. & Dev. Corp., 154 Ariz. 256, 260, 741 P.2d 1234 (App.

1987). do not apply because Plaintiff received notice. Not only did the Defendant sent the notice to 13217 Jamboree Road, Suite 540, California 92782; where Plaintiffs have not lived. And On March 27, 2017, the District Attorney Orange County District Attorney's Office stated that: "The Orange County District Attorney's Office investigated a fraudulent loan modification company by the Name of National Preservation Center.... On March 16, 2016, the Orange County District Attorney's Office served a search warrant upon the location... As a result of the investigation, NPC was dismantled and no longer operating as of this date." Therefore, the letter that Select Portfolio purportedly sent on July 1, 2016 was not accepted at that location. The letter from the Office of the District Attorney further states, "I was made aware by the UPS center management that they were no longer maintaining correspondence on NPC's behalf. Therefore these two cases are applicable to Plaintiffs as the critical notice of trustee sale was sent to a place where never resided; thus making it impossible for them to obtain an injunction of the sale; and the deliberate notice failure.

15.    Even the response from , Jamin, S. Neil, Attorney of Wright Finlay & Zak who  is representing Select Portfolio responded to the Affidavit on behalf of the Defendant (Select Portfolio) on May 4, 2016 was mailed to Plaintiff's prior home at 16405 S. 43rd Place, Phoenix, AZ 85048. . In addition, Ms. Neil states, "Select Portfolio foreclosure **may** proceed". This statement is a misleading statement; there was not affirmative date as to when the sale would proceed. This vague statement lead the Castellanos to believe that they would actually receive notice at 16405 S. 43rd  Place, Phoenix, AZ 85048 of the exact date of the trustee sale. Due Process also entitles a party to offer evidence and confront adverse witness. Application of Levine, 97 Ariz. 88, 91-92, 397 P. 2 D. 205, 207 (1964). Due process requires that deprivation of a significant property interest to be preceded by both adequate notice and a meaningful

opportunity for a hearing. See Sniadach v Family Fin.. Corp.,395 U.S. 337, 89 S. Ct. 1820, 23

L. Ed. 2d349 (1969) (hearing must be aimed at establishing the validity, or at least the probable

validity, of the underlying claim)

16.    Had Plaintiffs received the notice, they would have taken steps to save their home; had

they known the foreclosure was imminent, such contacting the defendants repeatedly to

determine what options were available to them, consulting a lawyer to learn about their rights

regarding foreclosure and to discuss bankruptcy and other legal options, insisting that

defendants allow the Castellanos to resume an earlier loan modification, and investigation or

short sale options. This is listed on the Case No. CV017-437-PHX-DJH.

17.    As Plaintiff have stated above that the information to substantiate their dismissal warrants

the consolidation of both FAC Case No. cv-17-02428-PHX-SPL and Cv-00437-DJH. In

Cypress on Sunland v Orlandini, I, CA-CV 10-0142 (Ariz.App. 5-19-2011) it states "Rule 42

(a) provides in part that "[w] hen actions involving a common question of law or fact are

pending before the court, it may order... all the actions consolidated, and may make such

orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Here,

as in Hankcock, the actions involve common questions of fact and law, arise out of related

transactions, and involve the same or related parties." "Consolidation was therefore proper,

Hancock, 188 Ariz. at 495. 937 P.2d at 685.


        **WHEREFORE,** based upon the foregoing, the Plaintiffs respectfully request this Court

to grant its Motion for Reconsideration, vacate its Motion for Summary Judgement in

favor of the Plaintiffs, enter Order denying Summary Judgement, and any other relief the

Court deems just and proper.

RESPECTFULLY SUBMITTED this 4 day of April,

2018.

By:

Judith Castellanos and Pablo Castellanos

Pro Se Plaintiffs

Pablo and Judith  Castellanos
16809 S. 44th Street
Phoenix,, Arizona 85048
480-205-4035
Judy.Castellanos@hotmail.com